JONES *v.* FIRST STATE SAVINGS BANK OF MARCELLUS.

1. PRINCIPAL AND AGENT—EVIDENCE—SUFFICIENCY.

In an action by depositors in a defunct private bank against a State bank, on the theory that it was the undisclosed principal of said private bank, evidence *held,* insufficient to establish such relationship.

2. SAME — DECLARATIONS OF ALLEGED AGENTS INSUFFICIENT TO ESTABLISH AGENCY.

In the absence of other supporting evidence, declarations of alleged agents, made to third persons not in the presence of the alleged principal, and not brought to its knowledge nor ratified by it, are not competent to prove the agency, denied by the alleged principal.

Error to Cass; Dingeman (Harry J.), J., presiding. Submitted April 3, 1923. (Docket No. 3.) Decided June 4, 1923.

Assumpsit by Calvin Jones against the First State Savings Bank of Marcellus for the amount of certain deposits. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Burns & Hadsell* and *Gore & Harvey,* for appellant.

*Burritt Hamilton* and *Claude S. Carney,* for appellee.

CLARK, J.     Walter C. Jones and Samuel N. Lowry did a private banking business at Jones under the name of the Farmers and Merchants Bank of Jones. Lowry retired.     Ernest Stanard became a partner and the cashier.     The bank failed.     Plaintiff had certificates of deposit.     He sued defendant, the First State Savings Bank of Marcellus, for the deposits on the theory that defendant State bank

was the undisclosed principal of the defunct private bank. Defendant had judgment on directed verdict. Plaintiff on error insists that there was sufficient evidence tending to show the relation of principal and agent between the banks to make a question of fact for the jury.

Marcellus is about 10 miles from Jones. The original partners were members of defendant's board of directors. Lowry was also its cashier, and Jones, at times, its attorney. The capital of the private bank was $4,000. Defendant had a written guaranty of payment signed by Jones covering all notes "indorsed to" it by the private bank. The private bank had note pads of defendant and many loans were made on notes in which the defendant was named as payee. The notes were commonly sold to defendant bank without indorsement by the private bank. Some of such notes were paid directly to the State bank, others through the private bank. It is said that some of such notes nearly due and held by defendant were exchanged with the private bank for other notes having longer time to run. A maker of a note, promised time for payment by cashier Stanard, advised that his note was due and payable at defendant bank, complained to Lowry, defendant's cashier, who said:

"Mr. Stanard is not running the business down there. Mr. Stanard has to do as we say, and I say you will have to pay it."

And in that conversation such maker told the cashier that Stanard had said "he was working by the month for the Marcellus Bank and that whatever Lowry said went." * * * Cashier Lowry, of defendant bank, sent money by a messenger to the private bank directing him "to take the money to the other bank." The private bank carried a commercial

account with defendant.    Lowry had a deposit in the private bank.

The transactions between the banks were entered in the books.    There is no showing that there was any entry in defendant's books of loss paid or gain received because of the private bank, no showing that such losses or gains had been shared by anyone but the partners.    It is not said that this claimed arrangement was known to the other officers and stockholders of defendant, nor that there was anything in the conduct and records of defendant's business which would apprise the State banking department of this claimed agency.    There is no evidence of corporate action by defendant authorizing such alleged agency, nor of corporate ratification of such agency.

We think there is nothing in the discounting and sale of negotiable paper which aids the plaintiff.    The transactions and statements stressed by plaintiff's counsel were due to the common interest of certain individuals rather than to the claimed relation of principal and agent.    Of the statement by Lowry to the said maker of a note, the trial judge rightly said:

"This statement must be taken in conjunction with the transaction under discussion between the parties and does not, in my opinion, have the force which it is claimed here by counsel to have."

And we are in accord with his further holding:

"I feel that the proof falls short of establishing any relationship of principal and agent between these two banks, and if it be possible that there is some proof here that possibly the Farmers & Merchants Bank did act in some capacity as the agent of the defendant bank, yet there is absolutely no proof that the Farmers & Merchants Bank, in receiving the deposit from the plaintiff, was acting within the scope of any authority which it had from the defendant bank, and both of

these elements being essential to a recovery by the plaintiff in this case." * * *

We understand counsel for plaintiff to concede that, in the absence of other supporting evidence, declarations of the alleged agents, made to third persons, not in the presence of the alleged principal, not brought to its knowledge nor ratified by it, were not competent to prove the agency, particularly when the alleged principal denied the agency.    2 C. J. p. 935, and cases cited.

It is unnecessary to consider the defense of *ultra vires.*

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.